Wilder, J.
The facts in this case, as they appear from ^he pleadings, evidence and admissions of the parties, are, in substance, as follows:
At the canvass of votes given at the October election, in 1868, William B. Lewis, the relator, was declared duly elected sheriff of the county of Marion, and a commission was issued to him for such office by the governor of Ohio. On the 4th day of January, 1864, the relator executed his official bond, with sufficient ■ sureties, in the penal sum of $20,000, conditioned according to law, on which his oath of office was duly indorsed, signed and certified, and on which 0. Bowen, as prosecuting attorney for said county, had indorsed his approval of its form, amount and sufficiency. Afterward, on the same day, the relator presented said bond to the commissioners of said county, then in session, for approval and acceptance, but its approval and acceptance were refused by them.
At the same October election, in 1868, N. M. Runyan was-elected prosecuting attorney for the said county of Marion, and was thereafter duly commissioned as such; and on the 2d of January, 1864, executed his official bond, which was accepted and approved by the probate judge of said county, and which, on the 4th day of January, 1864, was also examined and approved, as to its form and substance, by O. Bowen, prosecuting attorney for said county, and on the same day deposited with the treasurer of said county. Said bond had no revenue stamp upon it.
The relator’s bond was not seen and inspected by the said Runyan, nor did he certify to its sufficiency in form and amount.
Bowen, by whom, as prosecuting attorney, the relator’s bond had been approved, was duly commissioned by the governor of Ohio, as prosecuting attorney for said county, for the term of two years, by commission bearing date December 23,1861, and acted and was recognized by the court of common pleas as such, from the first Monday in January, 1862, to the 11th day of January, 1864.
Immediately after the relator had been declared elected to the office of sheriff, Samuel H. Berry, who was also a' candi *517 date for said office, at said election, gave due notice of contest and appeal from the decision of the clerk and justices, the canvassers of the votes, to the court of common pleas of said county, and at the January term, 1864, of said court, a hearing was had on such contest and appeal. On such hearing the court found, that the relator had not been duly elected sheriff of said county, and was not entitled to said office, but that said Samuel H. Berry had been duly elected to said office; and a judgment was rendered by the court accordingly, declaring the said Berry duly elected, and entitled to the office.
On the 17th day of February, 1864, the execution of said judgment was stayed, by an order of one of the judges of the district court for that judicial district, and a writ of supersedeas was issued against said Berry; a petition in error having been filed in the district court of said county to reverse said judgment.
Under the facts, as they now exist, it becomes unnecessary for us to decide upon the sufficiency of the reasons assigned by the defendants for their refusal to approve the relator’s bond, on the 4th of January, 1864; and therefore we do not propose to pass upon the questions involved in that part of •their answer.
Whatever may have been the merits of the relator’s claim, when his bond was presented to the commissioners for their approval, a material change has since taken place in his position. His election has been contested by Samuel H. Berry, a candidate for the same office; and on hearing before the court of common pleas of Marion county, said court found and adjudged that the relator had not been duly elected to the office of sheriff, and was not entitled to said office. So long as that adjudication remains unreversed and in force, the relator exhibits no legal right to the office, and can not claim the interposition of this court, by mandamus, in his behalf. This is a high prerogative writ, and will be awarded only in cases where there is a clear legal right, and the party has no other adequate remedy.
It is claimed, however, by the counsel for the relator, that ■this judgment has ceased to be operative, or to stand in the *518 way of the assertion of the relator’s rights, by reason of the order suspending its execution, and the supersedeas issued against Berry. We are referred to the “ act to amend section 525 of the code of civil procedure,” passed April 3, 1861,. Laws of Ohio, vol. 58, p. 48. That act reads as follows: “ That section 525 of the code of civil procedure be amended, so as to read as follows: Sec. 525. Execution of the judgment or final order, other than those enumerated in this title, of any judicial tribunal, may be stayed, on such terms as may be prescribed by the court, or a judge thereof, in which the petition in error is filed.”
A judgment in the case of a contested election would not seem to be one requiring execution in the ordinary sense of “the execution of a judgment or order.” No costs are adjudged. It is the simple' establishment, by a judicial finding, of a fact. The court “ shall hear and determine the contest.” When that is done the power of the court would seem to be-exhausted.
But it is unnecessary for us to determine whether a judgment in the case of a contested election is within the provisions of the said section 525 (as amended), of the code of civil procedure. That section merely provides for the suspension, for the “staying” of the execution of the judgment or final order. It does not, either in terms or spirit, vacate the-judgment. That is left to stand until reversed or set aside,, and though not in the meantime to be executed.
In cases of appeal, where the same case is tried a second, time upon its merits, in the appellate court, when the appeal, is perfected, the judgment of the court below is vacated, and-when judgment is rendered in the appellate court, that is the; judgment to be executed. But it is otherwise in cases in error. The petition in error does not vacate or in itself suspend the execution of the judgment in the court below. Such suspension, however, may, in some cases, be obtained by the giving of bail and obtaining an order of the proper court or judge; but, in all such cases, the judgment retains its vitality and force until reversed or set aside. If reversed or set aside, it, of course, ceases to be; but if affirmed, it is the judgment *519 to be executed. Notwithstanding, then, the order suspending the execution of the judgment in the matter of contest between the relator and Berry, and the supersedeas issued against Berry, the judgment of the court of common pleas remains in force evidencing the want of any right in the relator to the office of sheriff.
For this reason the motion of the relator for a peremptory mandamus must be overruled at his costs.
Brinkerhoee, C.J., and Scott, Ranney, and White, JJ., concurred.